UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN WALTER CARRILLO CALMO, A-201-687-580,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06798-DAD-CKD P<br><br><u>ORDER AND</u><br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) Petitioner proceeds pro se and has requested the appointment of counsel. (ECF No. 3.) Respondent filed a motion to dismiss the petition. (ECF No. 8.) Petitioner has not opposed the motion to dismiss or otherwise responded, and the deadline to do so has expired. No further briefing would be beneficial, and the interests of justice do not require appointment of counsel at this time. For the reasons set forth below, the undersigned denies petitioner's motion for appointment of counsel and recommends the petition be denied without prejudice.

////

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

## I. Background

Petitioner is a native of Guatemala who entered the United States at an unknown time. (ECF No. 8 at 7.) On or about April 2, 2025, petitioner pleaded guilty to two counts of robbery and was sentenced to 22.65 months. (Id. at 27.) On or about June 8, 2026, immigration officials located petitioner while he was serving his sentence. (Id. at 7.)

On June 16, 2026, petitioner was served with a Notice to Appear alleging he was present in the United States without having been admitted or paroled and charging him with being subject to removal including pursuant to INA § 212(a)(2)(A)(i)(I) for being "convicted of… acts which constitute the essential elements of a crime involving moral turpitude[.]" (ECF No. 8 at 36.)

Petitioner signed the petition on August 15, 2026, alleging he had been detained in immigration custody for three months as of that date. (ECF No. 1 at 2, 18.) He alleges his detention is prolonged in violation of his Fifth Amendment due process rights. (Id. at 16.) Petitioner seeks release from custody, or, alternately, a bond hearing. (Id. at 17.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

Respondent argues petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his conviction for a crime involving moral turpitude. (ECF No. 8 at 2.) Section 1226(c) "carves out a statutory category of [noncitizens] who may not be released" pending their removal and who are thus subject to mandatory detention without a bond hearing under the statutory scheme. Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). Under § 1226(c)(1)(A), the attorney general "shall take into custody" any noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A).

Section 1182(a)(2), in turn, applies to any noncitizen "convicted of ... a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i).

Petitioner is charged with being inadmissible under INA § 212(a)(7)(A)(i)(I) which satisfies the first element of § 1226(c)(1)(E) applicability. (ECF No. 8 at 36.) Respondent also provided evidence that petitioner was convicted of robbery under Florida Statute § 812.13(1) & (2)(c). The Ninth Circuit has held the California offense of robbery is a crime of moral turpitude within the meaning of 8 U.S.C § 1182(a)(2). Mendoza v. Holder, 623 F.3d 1299, 1301-02 (9th Cir. 2010) (noting "we determine whether a state crime involves moral turpitude by comparing it with crimes that have previously been found to involve moral turpitude"). California Penal Code § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Florida Statute § 812.13 defines robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1).

Petitioner's Florida conviction appears to align with the California statute which constitutes a crime of moral turpitude. However, should petitioner wish to challenge whether his Florida robbery offense properly subjects him to mandatory detention, he may request a hearing before an immigration judge pursuant to Matter of Joseph, 22 I&N Dec. 799 (BIA 1999). See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (explaining that detainees who claim they are not covered by § 1226(c) have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c)); see also, e.g., Coreas Chavez v. Chestnut, No. 1:26-CV-06540-KES-EGC (HC), 2026 WL 2594126, at *3 (E.D. Cal. Sept. 2, 2026) (recommending dismissal of any § 1226(c) classification-based claim without prejudice to petitioner's pursuit of a Joseph hearing).

Respondent asserts petitioner has not sought a Joseph hearing. (ECF No. 8 at 4.) Petitioner does not contend in the present petition that he is misclassified under § 1226(c);

instead, his claim is that his detention, whatever its statutory basis, has continued too long. (ECF No. 1 at 2, 16-17.) The undersigned therefore assumes without deciding that § 1226(c)(1)(A) supplies the authority for petitioner's detention based on his Florida robbery conviction. See Coreas Chavez, 2026 WL 2594126, at *2 (explaining the court "need not resolve" whether the petitioner was detained under section 1226(c)(1)(A) based on out of state conviction where, like here, the petitioner did not claim he was misclassified under § 1226(c) and claimed instead his detention was unconstitutionally prolonged).

Proceeding to petitioner's due process challenge, the undersigned finds petitioner's detention has not yet become unconstitutionally prolonged. "Detention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 531 (2003). The Supreme Court has upheld the mandatory detention provision in 8 U.S.C. § 1226(c) as facially non-violative of the due process clause with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Id. at 513, 529 n.12, 530. Petitioner's detention, at approximately five months so far, is consistent with the timeframe contemplated in Demore.

Considering the claim under the balancing framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the court weighs the private interest at stake, the risk of erroneous deprivation of that interest, and the government's interest. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Petitioner's private interest in freedom from detention is significant but the length of detention so far under 8 U.S.C. § 1226(c) at approximately five months does not favor relief. Petitioner's removal proceedings are pending before the immigration court and nothing in the record suggests those proceedings are stalled, that a merits hearing is unavailable, or that the anticipated remaining period of detention is indefinite. Petitioner does not identify any delay attributable to the government, and the record discloses none. The government's interests in ensuring appearance at removal proceedings and in protecting the public are substantial and increased where, as here, the detained person has a recent criminal conviction for robbery. Based on these factors, the undersigned concludes petitioner's approximate five months of detention

pending active removal proceedings has not yet crossed the constitutional line. See Coreas Chavez, 2026 WL 2594126, at *4.

**IV. Order and Recommendation**

For the reasons set forth above, IT IS ORDERED that petitioner's motion to appoint counsel (ECF No. 7) is DENIED.

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.
2. Respondent's motion to dismiss (ECF No. 8) be denied as moot.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 carr6798.mer